UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S., <br>             Plaintiff, <br>    v. <br> MICHELLE KING, <br>             Defendant. | Case No. 24-cv-04579-TLT <br><br> **REVISED ORDER REMANDING CASE** <br> Re: Dkt. No. 15 |

The Code of Federal Regulations requires the Defendant Michelle King, Acting Commissioner of Social Security, to how consider and then articulate persuasive Defendant finds all medical opinions received. 20 C.F.R. § 404.1520c(a), (b). Defendant failed to do so here.

Before the Court is Plaintiff A.S.'s opening brief seeking remand of Defendant's denial of Plaintiff's application for child insurance benefits. *See* Plaintiff's Opening Brief, ECF 15. Defendant timely filed a response brief, ECF 18, and Plaintiff filed a timely reply brief, ECF 19.

Having considered the parties' briefs, administrative record ("AR"), relevant legal authority, and for the reasons set forth below, the Court **GRANTS** Plaintiff's request to remand, **REVERSES** the Commissioner's final decision, and **REMANDS** for further proceedings consistent with this Order.

This matter is **REMANDED** for further proceedings with the following instructions: the ALJ shall (1) specifically address Dr. Carraway's medical opinion at step two of the five step sequential evaluation process and (2) consider the other issues raised in Plaintiff's briefing regarding the sufficiency of the record and modify any ensuing ALJ decision as appropriate.

## I. BACKGROUND

Plaintiff was born on July 31, 1985, and claims that she had a disability between July 31, 2003, when she turned 18, and July 31, 2007, when she turned 22 ("disability period"). AR 15–

16.

Prior to the disability period, while in high school, Plaintiff was diagnosed with bipolar disorder and suffered from aches, pains, coordination problems, and giant cell tumors. AR 744. Because of these conditions, Plaintiff was given access to the school elevator, excused from gym classes, had an emergency evacuation plan, given extra time between classes, given access to a computer to complete written assignments, extended time on tests and quizzes, and content and format of tests and quizzes were modified. AR 239, 244, 261.

During the disability period, hospital records indicate that Plaintiff suffered from a sore throat secondary to sinusitis, tonsilitis, a stuffy nose, and hair loss. AR 472–88. In a November 30, 2005 report, Dr. Karen G. Harrington noted that Plaintiff was diagnosed with bipolar disorder, cystic acne, tonsillar hypertrophy, nasal obstruction, hair loss secondary to alopecia. AR 732.

In a May 4, 2009 report by Dr. Kristen Carraway—a licensed psychologist who treated Plaintiff from April 1, 2008 to August 5, 2008—Plaintiff apparently demonstrated symptoms of obsessive-compulsive disorder, which "seem[ed] to interfere with [Plaintiff's] daily living skills and ability to complete tasks." AR 332. Dr. Carraway also noted anxiety as "something that [Plaintiff] has experienced chronically throughout her lifetime, though specific incidents seem to have manifested in specific compulsions and fears." AR 332. Moreover, Dr. Carraway stated: Plaintiff's "physiological symptoms have increased gradually over time"; Plaintiff's "daily functioning demonstrate[d] a discrepancy between intellect and ability to function"; "perhaps due to a number of factors including the intrusive nature of obsessions and compulsions secondary to OCD, mood liability secondary to Bipolar Disorder"; and Plaintiff suffered from a "discrepancy between intellect and ability to function." AR 332–33. "Most noteworthy [was] [Plaintiff's] extreme difficulty with task completion." AR 333. Dr. Carraway diagnosed Plaintiff with somatization disorder and obsessive-compulsive disorder with an axis II indication of cluster B features. AR 334.

In addition to Dr. Carraway's report, a June 1, 2009 medical report by Dr. Clark Gable stated that Plaintiff could sit up to 6 hours a day with standing and walking limited to 2 hours or less a day. AR 489–91. A psychological screening evaluation by Dr. Janine Marinos, also dated

1   June 1, 2009, diagnosed Plaintiff with anxiety disorder, depressive disorder, and somatoform
2   disorder. AR 492–95. According to Dr. Marinos, Plaintiff "would likely have difficulty
3   functioning effectively in a competitive work setting because of her chronic and seemingly severe
4   psychiatric problems." AR 495. A February 17, 2023 report by Dr. Patricia Salmon, Plaintiff's
5   endocrinologist, stated that Plaintiff was diagnosed with acromegaly in July 2013. AR 740.

## II.   LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under Social Security Administration ("SSA") regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the

1  fourth step in the sequential evaluation process is to determine the claimant's residual functional

2  capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis,

3  despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can

4  perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal

5  standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. §

6  404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work,

7  the Commissioner must show, at step five, that the claimant can perform other substantial gainful

8  work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the

9  burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th

10 Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

### III. THE ALJ'S DECISION

On April 12, 2019, Plaintiff filed an application for child insurance benefits, alleging disability during July 31, 2003 and July 31, 2007. AR 13. The claim was initially denied on October 31, 2019. *Id.* On June 17, 2020, the claim was again denied upon reconsidered. On September 10, 2020, Plaintiff filed a written request for a hearing. *Id.* On June 6, 2023, the ALJ held an in-person hearing and Plaintiff was represented by attorney Joanna Xing. *Id.*

On August 25, 2023, the ALJ issued her decision denying plaintiff's application and finding Plaintiff was not disabled. AR 25. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 31, 2003. AR 15. At step two, the ALJ found that Plaintiff did not have a severe impairment or combination of impairments. AR 17–24. The ALJ stopped her analysis at step two.

On May 29, 2024, the ALJ's decision became final when the Appeals Council declined to disturb the ALJ's decision. AR 1. On July 29, 2024, Plaintiff filed this action seeking judicial review of Defendant's decision. ECF 1.

### IV. DISCUSSION

**A. The ALJ Failed to Address Dr. Carraway's Report.**

Plaintiff seeks remand because the ALJ failed to consider Dr. Carraway's report. ECF 15 at 11. Defendant argues that Dr. Carraway's report is not a medical opinion and, even if it is, the

4

report only opined on Plaintiff's current mental impairments, was vague, and is not probative to Plaintiff's disability. ECF 18 at 6–7.

Pursuant to 20 C.F.R. § 404.1520c(a), "[w]hen a medical source provides one or more medical opinions or prior administrative medical findings, [an ALJ] will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." These factors include supportability, consistency, relationship with the claimant, and other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c). The ALJ "will articulate in [her or his] determination or decision how persuasive [she or he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b); *see Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he [or she] errs.").

Here, Dr. Carraway is an "acceptable medical source" because she is a licensed psychologist who treated Plaintiff from April 1, 2008 to August 5, 2008. AR 335; *see* 20 C.F.R. § 404.1502(a)(2) (defining "acceptable medical source" as a "licensed psychologist" who is "licensed or certified psychologist at the independent practice level" or "licensed or certified school psychologist, or other licensed or certified individual with another title who performs the same function as a school psychologist in a school setting."); *Svaldi v. Berryhill*, 720 F. App'x. 342, 344 (9th Cir. 2017) ("The ALJ also erred in giving little weight to the opinion of Svaldi's therapist . . . .").

The ALJ was thus required to address Dr. Carraway's medical opinion in her decision. *See Brancaccio v. Saul,* 788 F. App'x. 561, 562 (9th Cir. 2019) ("[T]he ALJ erred in failing to evaluate every medical opinion received.") (internal quotations omitted). Although the ALJ mentioned some information that is consistent with Dr. Carraway's report, *see* AR 19 (discussing Plaintiff's somatization disorder and GAF score of 45), the ALJ still did not explicitly reject or credit Dr. Carraway medical opinion. Failing to do so was in error. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set

forth specific, legitimate reasons for crediting one medical opinion over another, he [or she] errs.").

Defendant fails to provide any caselaw or persuasive argument establishing that the ALJ did not need to explicitly consider Dr. Carraway's medical opinion. Although Defendant attempts to portray Dr. Carraway's medical opinion as vague and only relevant to Plaintiff's "current" level of functioning, the administrative record does not support Defendant's portrayal. *See* AR 332–33 (Dr. Carraway discussion of Plaintiff's "[p]ast history of mental disorder"); *Cereo v. Commissioner of Social Sec. Admin.*, 473 F.App'x 536, 537 (9th Cir. 2012) ("Conclusory statements that a treating doctor's opinion is "vague" falls short of the clear and convincing standard for ignoring a treating doctor's opinion."); *cf. Garrison*, 759 F.3d at 1017 ("As we have emphasized while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence."). The Court finds Dr. Carraway's medical opinion to be relevant to Plaintiff's overall disability. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability."); *Svaldi*, 720 F. App'x. at 344 ("[T]he fact that those opinions were issued significantly after Svaldi's DLI does not undercut the weight those opinions are due.").

Defendant's citation to *Valentine v. Comm'r. Soc. Sec. Admin*, 574 F.3d 685 (9th Cir. 2009) does not save her argument. In *Valentine*, the Ninth Circuit held that a ALJ did not err by excluding a doctor's "[r]ecommendation[]" for a plaintiff to perform "highly routinized, overlearned tasks with low cognitive demand" because the recommendation was neither a diagnosis nor a statement of the plaintiff's functional capacity. 574 F.3d at 691–92. *Valentine*, however, is inapposite here; Dr. Carraway's medical opinion discusses Plaintiff's diagnoses and impairments. *See* AR 332–33; *see also Mercado v. Berryhill*, No. 16-cv-4200, 2017 WL 4029222, at *6 (N.D. Cal. 2017) (finding report that stated Plaintiff "appeared to be a reliable historian," "suffered from a complex cognitive disorder that appears to not fit any clear potential organic etiologies," and "suffered cognitive and depressive disorders" to be a medical opinion).

6

### B. The ALJ's Failure to Address Dr. Carraway's Medical Opinion Was Not Harmless.

Because the ALJ failed to explicitly address Dr. Carraway's medical opinion, the Court "reviews the omission for harmless error." *Nadon v. Saul*, 851 F. App'x. 24, 26 (9th Cir. 2021). "ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (cleaned up). The Court cannot consider an error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id*.

Here, as discussed above, Dr. Carraway's medical opinion discussed Plaintiff's diagnoses, such as obsessive-compulsive disorder, and how various symptoms affected Plaintiff's abilities. *See* AR 332–35. The Court cannot find that consideration of Dr. Carraway's opinion would be inconsequential. *See Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1461 (9th Cir. 1995) ("Retrospective diagnoses by treating physicians and medical experts, contemporaneous medical records, and testimony from family, friends, and neighbors are all relevant to the determination of a continuously existing disability with onset prior to expiration of insured status."); *Nadon*, 851 F. App'x. at 28 ("[T]he ALJ's failure to address Dr. Newman's medical opinion generally, and specifically with respect to the PTSD diagnosis, was legal error that was not harmless."); *Marsh*, 792 F.3d at 1173 ("In the circumstances of this case, where the ALJ did not even mention Dr. Betat's opinion that Marsh's chronic bursitis rendered her "pretty much nonfunctional," we cannot "confidently conclude" that the error was harmless.").

### C. Instructions on Remand

Accordingly, the Court **GRANTS** Plaintiff's request, **REVERSES** the Commissioner's final decision, and **REMANDS** this case to the ALJ for further proceedings. Because the case will be remanded for further proceedings, the Court need not address Plaintiff's remaining arguments regarding the sufficiency of the administrative record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

On remand, the ALJ shall specifically address Dr. Carraway's medical opinion at step two of the five step sequential evaluation process. *See Marsh*, 792 F.3d at 1173 ("In the circumstances of this case, where the ALJ did not even mention Dr. Betat's opinion . . . We think it is most appropriate to vacate the district court's opinion, remand with instructions to the district court to remand to the ALJ, and specifically to invite the ALJ to comment on Dr. Betat's medical opinions and records.").

The ALJ is also instructed to consider the other issues raised in Plaintiff's briefing and modify any ensuing ALJ decision as appropriate.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for remand is **GRANTED**, the Commissioner's final decision is **REVERSED**, and the above-entitled matter is hereby **REMANDED** to the ALJ for further proceedings consistent with this Order.

The case will be terminated upon resolution of attorney's fees, if any. If no attorney's fees request is received by March 10, 2025, the Clerk of Court shall terminate the case.

IT IS SO ORDERED.

Dated: February 25, 2025

_____
TRINA L. THOMPSON
United States District Judge